E-FILED
Friday, 01 May, 2020  02:57:53 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-cr-30034** |
| | ) | |
| **ERICA MILLER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Erica Miller's Amended Motion for Compassionate Release (d/e 48) requesting a reduction in her term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On July 11, 2018, Defendant pled guilty to health care fraud, in violation of 18 U.S.C. § 1347(a)(1). On November 22, 2019, the Court sentenced Defendant to 15 months' imprisonment and 3 years of supervised release. The Court also ordered Defendant to pay $101,960.83 in restitution. Defendant is currently serving her sentence at the satellite camp adjacent to FCI Pekin and has a

projected release date of March 10, 2021.

According to the Presentence Investigation Report (PSR) prepared for Defendant's sentencing, Defendant was diagnosed with hypertension in 1998 and takes medication to treat this condition. PSR (d/e 31), ¶ 53.  The PSR also notes that Defendant has reported having suffered from asthma since childhood and being prescribed an albuterol inhaler.  Id. ¶ 57.

On April 22, 2020, Defendant filed a pro se motion for compassionate release (d/e 45) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On April 28, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  Defendant requests compassionate release due to her health issues and the COVID-19 pandemic.  Defendant also requests that the Court waive the exhaustion requirement found at 18 U.S.C. § 3582(c)(1)(A). Defendant's amended motion states that the warden at FCI Pekin denied Defendant's request for a compassionate release motion on April 10, 2020, and that Defendant is appealing that denial.  No documentation related to this request was attached to Defendant's amended motion.  According to defense counsel, the warden

addressed Defendant's request within a couple of days after the request was made.

When released from custody, Defendant will reside with her daughter and grandson in a house that has a bedroom in the basement. The United States Probation Office, in a Memorandum (d/e 49) addressing Defendant's request for compassionate release, concludes that Defendant's daughter's house appears to be a suitable residence for Defendant.

On April 30, 2020, the Government filed a Response Opposing Defendant's Amended Motion for Compassionate Release (d/e 51). The Government argues that the Court lacks the authority to grant Defendant's motion because Defendant has not exhausted her administrative rights with the Bureau of Prisons (BOP) or waited 30 days from the time a request to BOP regarding a motion for compassionate release was made. The Government has produced a compassionate release request from Defendant, dated August 12, 2020, that is under consideration by the warden at FCI Pekin. The Government also argues that the Court, even if it had the authority to rule on Defendant's motion, should still deny the motion because FCI Pekin has no reported cases of COVID-19 and has implemented

procedures designed to keep the virus out of the facility.  The
Government also notes that Defendant's BOP medical records do
not indicate that Defendant's asthma is moderate or severe.

On April 30, 2020, the Court held a video conference hearing
on Defendant's amended motion.  Another hearing was held on May
1, 2020.  As of May 1, 2020, the BOP reports that FCI Pekin has no
confirmed cases of COVID-19.  See Federal Bureau of Prisons –
COVID-19 Cases, https://www.bop.gov/coronavirus/ (last accessed
May 1, 2020).  While FCI Pekin currently houses 1,023 inmates, the
camp adjacent to FCI Pekin, where Defendant is serving her
sentence, currently houses only 258 inmates.  See FCI Pekin,
https://www.bop.gov/locations/institutions/pek/ (last accessed
May 1, 2020).  Defendant has indicated that the building in which
she resides houses 122 inmates, that the area of the building where
she resides houses 34 inmates, and that the inmates at the camp
live in a dorm-style setting.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from
modifying a term of imprisonment once it has been imposed.  See
18 U.S.C. § 3582(c).  However, several statutory exceptions exist,

one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in her term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Socially distancing can be difficult for individuals living or working in a prison.

Further, Defendant suffers from hypertension and asthma. These conditions increase the serious risks that COVID-19 presents for Defendant. See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-

ncov/hcp/clinical-guidance-management-patients.html (last accessed April 24, 2020).

However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease.  As of today, there are no confirmed cases of COVID-19 at FCI Pekin, the facility where Defendant is housed.  And, according to the Government, officials at FCI Pekin have implemented rigorous procedures designed to prevent the virus from entering the facility.  At this time, Defendant may actually be more likely to contract COVID-19 if she is released from BOP custody.

In addition, although Defendant suffers from asthma, nothing in the medical records supplied by the Government indicates that Defendant's asthma is moderate or severe.  To the contrary, the medical records state that Defendant's asthma is controlled with medication.  Defendant has served just over 2 months of her 15-month sentence for health care fraud.  And Defendant has two requests for compassionate release pending before the BOP, one of which has been denied by the warden at FCI Pekin.  The Court, taking all the relevant facts into account, finds that Defendant has

not established that there exist extraordinary and compelling

reasons that warrant a reduction in her term of imprisonment.

## III. CONCLUSION

For the reasons set forth above, Defendant Erica Miller's

Amended Motion for Compassionate Release (d/e 48) and

Defendant's pro se motion for compassionate release (d/e 45) are

DENIED.  This ruling does not preclude Defendant from filing

another motion for compassionate release in the future if

circumstances change.

The Bureau of Prisons is DIRECTED to obtain and review

Defendant's medical records and provide Defendant with a CPAP

machine if the medical records indicate that Defendant needs one.

The Clerk is DIRECTED to send a copy of this Opinion to FCI Pekin.


ENTER:  May 1, 2020

                              /s/ Sue E. Myerscough
                              SUE E. MYERSCOUGH
                              UNITED STATES DISTRICT JUDGE